ALLEN *v.* STOCKWELL.

PLATS—MANDAMUS TO COMPEL APPROVAL—MUNICIPAL CORPORATIONS —RIGHT TO REQUIRE REASONABLE REGULATIONS—STATUTES.
    Where a plat of land was refused acceptance and approval by the city commission of the city of Pontiac because the owner refused to comply with the reasonable provisions of a city ordinance, passed in pursuance of its charter, requiring the installation of certain public improvements or the filing of a bond guaranteeing compliance therewith, the court below properly refused the writ of mandamus to compel the Oakland county plat board to approve said plat, the provisions of the statute (Act No. 251, Pub. Acts 1915, 1 Comp. Laws 1915, § 3350) requiring previous approval by the municipality where the plat was situated not having been complied with.

Certiorari to Oakland; Covert (Frank L.), J. Submitted April 13, 1920. (Calendar No. 29,086.) Decided June 7, 1920.

Mandamus by Edwin T. Allen to compel Ross Stockwell and others, constituting the Oakland county plat

board, to approve a plat. From an order denying the writ, plaintiff brings certiorari. Affirmed.

*George A. Sutton,* for appellant.

*Peter B. Bromley,* City Attorney, and *A. Floyd Blakeslee,* Assistant Prosecuting Attorney, for appellees.

STONE, J. In this proceeding plaintiff seeks to compel the defendants to approve a plat. The court below refused the writ of mandamus for the reasons hereinafter stated. The plaintiff has brought certiorari. The governing statute is Act No. 251 of the Public Acts of 1915 (1 Comp. Laws 1915, § 3350 *et seq.*).

The plat which it is sought to have approved by the defendants, constituting the Oakland county plat board, is a plat of land situate and being in the city of Pontiac, and when presented to such plat board had not been approved by the commission of the city of Pontiac, or the auditor general of the State.

The plat was presented to the commission on November 3, 1919, for approval, but was not approved because the improvements specified in an ordinance made and passed by the commission of said city on May 1, 1916, as amended July 3, 1916, entitled, "An ordinance regulating the adoption and approval of plats" in the city of Pontiac, had not been made on the streets in said plat, and the proprietor of the plat, Edwin T. Allen, had not filed with said commission a good and sufficient bond, conditioned that he would within three years cause to be installed and constructed on said proposed plat, without expense to the city, the improvements which are set forth in said ordinance, and which are as follows: Grade and gravel the streets; put in surface drains; lay sidewalk, and install sanitary sewers.

On November 5, 1919, a copy of said reasons was served on plaintiff, as appears by his affidavit for the writ of certiorari. On November 6, 1919, the plat was presented to the defendants, composing the Oakland county plat board, for approval, but such plat was disapproved for the following, among other, reasons:

(1) Because said plat and map had not the approval of the commission of the city of Pontiac, as provided by the statute above referred to.

(3) Because the commission of the city of Pontiac had refused to approve the plat for the reason that the proprietor thereof had not complied with the ordinance of the city, with reference to the adoption and approval of plats as hereinafter set forth, and that a copy of the reasons of said board in refusing to approve said plat was by it served on said Allen, on November 6, 1919.

At the time the plat was presented to the commission of the city of Pontiac for approval, the said ordinance, as hereinafter set forth, was in full force and effect. The city of Pontiac, at the time in question, had been organized under the home-rule act, and had adopted a commission form of government. The "general welfare" clause of the charter of the city of Pontiac reads as follows:

"Section 21, chapter VII. The commission may exercise all municipal powers necessary, or which may be deemed expedient, for the complete and efficient management and control of the municipal property and the administration of the municipal government and necessary or expedient to maintain the public peace, morals and good order, protect persons and property and promote the general welfare and preserve the health of the inhabitants of the city, whether such powers be expressly enumerated herein or not; may do any act to advance the interest of the city; the good government and prosperity of the municipality and its inhabitants, may enact all laws and ordinances relating to its municipal concerns; and shall

have and exercise all governmental and police powers, subject to the limitations prescribed by this charter, the Constitution and laws of the State and of the United States."

Under section 13, chapter 14, of the city ·charter, the city has authority to require owners of property to build sidewalks.

Under section 16, chapter 15, of the charter, the city may enact such ordinances as may be necessary for the protection and control of the sewers and drains, and to carry into effect the powers herein conferred.

The relevant ordinance of the city is as follows:

"Proposed Plats or Subdivisions to Have Certain Improvements.

"SECTION 1. That hereafter no plat or subdivision shall be accepted or approved by the commission of the city of Pontiac, Michigan, until the owner or owners of such proposed plat or subdivision shall have caused the improvements hereinafter enumerated to have been made thereon without expense to said city, except as hereinafter provided.

"Streets to be Graded.

"SECTION 2. All streets shall be graded and covered with at least six inches of suitable gravel at least 16 feet wide, subject to the approval of the commissioner of public improvements.

"Surface Drains to be Installed.

"SECTION 3. Surface drains with suitable catch basins and manholes shall be constructed and laid in all streets, the size and kind of crock and the method of installation shall be subject to the approval of the commissioner of public improvements.

"Cement Sidewalks to be Constructed.

"SECTION 4. Cement sidewalks at least five feet in width shall be constructed on both sides of all streets. All sidewalks shall be built in accordance with the specifications for the construction of cement sidewalks on file in the office of the city engineer of said city and shall be laid on the grades established by the city engineer and shall all be subject to the approval of the commissioner of public utilities.

"Sanitary Sewers to be Installed.

"SECTION 5. Sanitary sewers with the necessary lampholes and manholes shall be laid in all streets with connections extending from the same to the curb line on both sides of such street; at least one connection to every fifty feet of frontage, and at least one connection to each lot frontage if less than fifty feet on each side of all streets. The size and kind of crock and the method of installation shall be subject to the approval of the commissioner of public improvements.

"Grade of Streets and Sidewalks to be Determined by the Commissioner of Public Improvements.

"SECTION 6. The grade of all streets and of all sidewalks and the depth of all sanitary sewers and surface drains shall be determined by the commissioner of public improvements and the commissioner of public utilities, before such improvements shall be installed, so that the same may conform wherever necessary to like improvements on property adjoining said plat or subdivision.

"Bond May be Filed Guaranteeing That Improvements Will be Made.

(Section 7 as amended July 3, 1916.)

"SECTION 7. Provided the commission of the city of Pontiac, Michigan, may accept and approve of the proposed plat or subdivision, without the installation and construction required in sections two, three, four, five and six; provided the owner or owners of such proposed plat or subdivision shall file with the city commission a good and sufficient surety or personal bond to be approved by said commission conditioned that the owner or owners of such property platted or subdivided will within three years from the date of such bond cause to be installed and constructed on said proposed plat or subdivision without expense to said city all of said improvements as provided for in sections two, three, four, five and six of said ordinance. The amount of said bond to equal at least the amount of the city engineer's estimate of the cost of installation and construction of all of said improvements on said proposed plat or subdivision. If a personal bond is given, the surety or sureties thereto shall justify thereon, under oath, their financial responsibility to the amount of said bond.

"This ordinance shall take effect thirty days after its final passage and publication.

"SECTION 8. An ordinance made and passed May 16, 1910, entitled, 'An ordinance regulating the adoption and approval of plats in the city of Pontiac' is hereby repealed.

"SECTION 9. This ordinance shall take effect thirty days from and after the date of its final passage.

"Made and passed by the commission of the city of Pontiac, Michigan, on this 1st day of May, 1916."

The return of the learned circuit judge to the writ of certiorari, after denying that the plat in question complied with the statute, states:

"On the hearing of the petition for a mandamus before me to compel the plat board of Oakland county to approve the plat in question, it appeared that the said plat had no certificate of approval by the commission of the city of Pontiac, Michigan, wherein the land included in said plat was situated, as provided by said Act No. 251, Public Acts 1915.

"It also appeared that when said plat was presented to the commission of the city of Pontiac, Michigan, for approval, such approval was refused because the improvements specified in an ordinance made and passed by the commission of the city of Pontiac, on May 1, 1916, had not been made on the streets in said plat, and that the proprietor of said plat, said Edwin T. Allen, had not filed with said commission a bond with sufficient sureties thereto, conditioned that he would within three years cause to be installed and constructed on said plat, without expense to the city, the improvements which are set forth in the ordinance, and which are as follows:

"Grade and gravel the streets; put in surface drains; lay sidewalks, and install sanitary sewers. That at said time the said ordinance was in full force and effect. That the commission of the city, within five days after its refusal to approve the plat, caused to be served on said Edwin T. Allen, a written statement of its reasons for refusing to approve the plat, in accordance with the plat act. * * *

"I certify that for said reasons the peremptory writ

of mandamus was denied, as appears by my order thereon."

The order referred to is the order denying the writ of mandamus herein, with costs to the defendants.

In the brief of the plaintiff the case of *Campau* v. *Board of Auditors*, 198 Mich. 468, is cited in support of his claim. A reference to the record in that case will disclose that the township board there had approved the plat. It is true that it refused so to do in the first instance, but by a prior mandamus proceeding the approval had been ordered by the court, and made by the board. The case is not very pertinent to the question here involved. A case more in point is that of *Klug* v. *Auditor General*, 194 Mich. 41. In that case the facts were that the plat had been approved by the town board of Hamtramck, and then, without being presented to the board of auditors of Wayne county, was presented to the auditor general for approval, and his action refusing approval was sustained by this court.

It is expressly provided by section 3350. 1 Comp. Laws 1915, as follows:

"And before such map or plat shall be approved by the auditor general, and before such map or plat shall be recorded by the register of deeds, the proprietor or proprietors thereof shall cause to be attached to said map or plat a certificate of approval from the township board,    *    *    *    or the board of commissioners in municipalities having a commission form of government."    *    *    *

As we said in the *Klug Case:*

"The only reasonable construction to give the statute is that it was rather the legislative intention to have all plats subjected to the same measure of scrutiny and investigation."

Should the city commission unreasonably or unlawfully refuse to approve, that body could be moved by

mandamus, as was the township board in the *Campau Case.*

The commission of the city had ample authority to make and enact the platting ordinance herein set forth. A careful examination of the ordinance in question satisfies us that it is a reasonable regulation, a reasonable exercise of municipal and police power under the charter and statute, and that the same should be sustained and complied with.

In our opinion the reasons given by the learned circuit judge for the refusal of the writ of mandamus were valid, and the judgment of the circuit court should be and is affirmed, with costs.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.