## PEOPLE *v.* CIATTI

1. CRIMINAL LAW—TRIAL—CONTINUANCE—CAUSE.

    Continuance of criminal causes may not be granted except for good cause shown in the manner provided by law for continuances in the trial of civil causes in courts of record (CL 1948, § 768.2).

2. CRIMINAL LAW—CONTINUANCE—DISCRETION—ABUSE—BURDEN OF PROOF.

    The granting of a continuance of a criminal trial is within the discretion of the trial court, and the party claiming an abuse of discretion in denying a motion for continuance must prove it.

3. CRIMINAL LAW—CONTINUANCE—DEFENDANT'S COUNSEL UNPREPARED FOR TRIAL.

    Denial of defendant's motion for a continuance was not an abuse of discretion when his counsel claimed to be unprepared for trial, where counsel had represented the defendant in all prior proceedings on the case and the court properly found that counsel had no valid reason for being unprepared at trial.·

4. CRIMINAL LAW—NOLLE PROSEQUI—PROSECUTION—STATUTE.

    A prosecutor has no right to enter a *nolle prosequi* of a case without leave from the court and defense counsel may not rely on any agreement with a prosecutor to enter a *nolle prosequi* as a reason to be unprepared at trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Continuance § 27.
[3] 17 Am Jur 2d, Continuance §§ 28, 42.
[4] 17 Am Jur 2d, Criminal Law §§ 514, 516.
[5] 7 Am Jur 2d, Automobiles and Highway Traffic § 36 *et seq.*
[6] 58 Am Jur, Witnesses § 557 *et seq.*
[7] 53 Am Jur, Trial §§ 567, 584 *et seq.*
[8] 29 Am Jur 2d, Evidence §§ 769, 771.

5. AUTOMOBILES—CERTIFICATE OF TITLE—FALSE STATEMENTS—EVI-
DENCE.

> Evidence that defendant, under an assumed name, procured a
> duplicate copy of title to an automobile which he knew had
> been sold to a succession of other persons, and, without noting
> the change of ownership on the duplicate, made a false state-
> ment of material fact by representing the duplicate as the
> title to an automobile he had helped to steal, was sufficient to
> justify a finding that he knowingly made a false statement
> of material fact in assigning the title to the stolen vehicle
> (CLS 1961, § 247.254).

6. CRIMINAL LAW—WITNESSES—INTERROGATION BY THE COURT.

> Absent prejudicial conduct, the court has the right to question
> witnesses in a criminal trial to clear up matters which ap-
> pear to be left in doubt.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—COMMENT ON EVIDENCE.

> The court has the right by statute to comment on the evidence
> in a criminal case and may unprejudicially call the jury's
> attention to certain facts (CL 1948, § 768.29).

8. CRIMINAL LAW—EXHIBITS—JURY.

> A jury is entitled to view exhibits admitted into evidence and
> it is not necessary that they specifically request to do so,
> hence, trial judge did not err in inquiring whether the pros-
> ecution desired to show exhibits to the jury.

Appeal from Wayne, Thomas J. Foley, J. Sub-
mitted Division 1 April 10, 1969, at Detroit. (Docket
No. 5,710.) Decided April 21, 1969. Rehearing
denied May 28, 1969.

Richard Ciatti was convicted of knowingly making
false statements of material fact in the assignment
of a certificate of title to a motor vehicle. Defendant
appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-

pellate Lawyer, and *Joseph Murphy,* Assistant Prosecuting Attorney, for the people.

*Peter R. Barbara,* for defendant.

BEFORE: Lesinski, C. J., and Fitzgerald and V. J. Brennan, JJ.

Per Curiam. Defendant Richard Ciatti appeals from his conviction by jury on January 30, 1968, of knowingly making false statements of material fact in the assignment of the certificate of title to a motor vehicle contrary to CLS 1961, § 257.254 (Stat Ann 1968 Rev § 9.1954).

On appeal defendant first contends that he was denied due process by trial court abuse of discretion in denying his motion for continuance of the trial. Defendant asserts that the denial resulted in his being deprived of effective assistance of counsel. Continuance was sought because defendant's attorney said he was unprepared, the attorney claiming as an excuse that the assistant prosecuting attorney agreed to *nolle prosequi* the case if defendant made restitution.

Under CL 1948, § 768.2 (Stat Ann 1954 Rev § 28.1025):

"No adjournments, continuances or delays of criminal causes shall be granted by any court except for good cause shown in the manner provided by law for adjournments, continuances and delays in the trial of civil causes in courts of record."

The defendant concedes that the granting of a continuance is within the discretion of the trial court, citing *People* v. *Raider* (1931), 256 Mich 131, 134:

"Continuance was within the sound discretion of the court. The burden is on the party claiming abuse of discretion to show it."

Similarly, this Court stated in *People* v. *O'Leary* (1967), 6 Mich App 115, 121:

"A continuance is a matter of discretion with the trial court. In *People* v. *Knox* (1961), 364 Mich 620, the trial court denied defendant's request for a continuance to obtain an expert witness. The Supreme Court stated at page 644:

" 'It has been repeatedly recognized by this Court that a trial judge has discretion in granting or refusing a motion of the character here involved, and that this Court will not interfere unless there has been a palpable abuse of such discretion. In view of the situation with which the trial judge was confronted, it may not be said that his action in denying the request for further time for the appearance of the desired witness was unreasonable. The judicial discretion was not abused.' "

In the instant case, trial counsel for defendant first appeared for the examination on June 8, 1967, some eight months before the trial date. During the examination, which lasted three days, counsel for defendant had an opportunity to cross-examine all but two of the witnesses who testified at trial. Counsel appeared at arraignment on the information and at the pre-trial conference. Counsel also participated in defendant's trial. Therefore, we find no abuse of trial court discretion in denying the continuance sought because counsel claimed to be unprepared. Since defendant's counsel should know that a prosecutor has no right to enter a *nolle prosequi* of a case without leave of the court (CL 1948, § 767.29 [Stat Ann 1954 Rev § 28.969]), defendant's attorney could not properly rely on any agreement with the prosecutor as a reason for being

unprepared. Moreover, because defendant never made restitution, the alleged agreement was inoperative and defendant's counsel had no cause to expect trial not to commence.

Defendant next contends that the trial court erred in denying his motion to quash the information. He based the motion on alleged failure of the people to prove that he knowingly made a false statement of a material fact.

Reviewing the record, we find ample evidence to establish that defendant knowingly made a false statement of material fact in the assignment of a certificate of title. The evidence indicates that defendant obtained duplicate title to an automobile in the name of Louis Jones knowing that automobile to have been sold, first to Westgate Auto Sales, then to Rocket Auto Parts, and finally to Century Auto Sales. There is evidence that defendant knowingly represented the duplicate title to be the title to another automobile which he helped to steal, in order to assign title to the stolen automobile. The evidence indicates that defendant knowingly made a false statement regarding the certificate of title since the duplicate title did not mention the transfers to Westgate Auto Sales and Rocket Auto Parts. Moreover, the evidence indicates that defendant knowingly made a false statement of a material fact when he represented the duplicate title of one automobile to constitute title to the stolen automobile.

Defendant also contends his right to a fair trial was prejudicially abridged by the trial court's misconduct. First, defendant asserts that the trial court erred in prejudicially questioning certain witnesses. However, a reading of the transcript indicates that the court did not attempt to usurp the rights of counsel and did not allow its personal convictions to become apparent to the jury. Absent

prejudicial conduct, it is the right of the court, by interrogatories, to clear up any matters which appear to be left in doubt. *People* v. *Moore* (1943), 306 Mich 29.

Defendant also suggests the trial court erred in inquiring, at the close of the people's case, whether the prosecution desired to show certain exhibits to the jury. Defendant claims that exhibits should not voluntarily be shown to the jury if the jury does not request them. The court stated:

"The court would like the jury to know what the facts are in the case. How they decide is up to them, but I think they should be familiar with them."

The court has the right by statute to comment on the evidence and this includes unprejudicially calling the attention of the jury to particular facts. CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052); *People* v. *Lintz* (1928), 244 Mich 603. A jury is entitled to view exhibits admitted into evidence. 1 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 460; 4 Wigmore, Evidence (3d ed), § 1151; McCormick, Evidence, § 179. Thus, the trial court committed no error in inquiring whether the prosecution desired to show the exhibits to the jury.

Finally, defendant suggests the trial court committed prejudicial error in permitting the people to reopen their case after they rested. We disagree. *People* v. *Baker* (1952), 332 Mich 320, 324 says:

"It is the rule in criminal cases that the trial court in the exercise of sound discretion may reopen a case for the purpose of admitting testimony in behalf of either the prosecution or the defense."

See, also, *People* v. *Blake* (1909), 157 Mich 533. No prejudicial error occurred.

Affirmed.