PEOPLE v CURTIS

Opinion of the Court

1. District and Prosecuting Attorneys—Indictment and Information—Nolle Prosequi.

A prosecutor has no right to enter a nolle prosequi upon a case without leave of the court having jurisdiction to try the offense charged (MCLA 767.29).

2. District and Prosecuting Attorneys—Discretion—Nolle Prosequi.

A prosecutor has the right to exercise broad discretion to determine under which statute a prosecution will be instituted, and the statute which forbids him to enter a nolle prosequi without leave of the court which has jurisdiction to try the offense charged, once he has exercised his discretion, does not interfere with the discretion (MCLA 767.29).

3. Criminal Law—Nolle Prosequi—Jurisdiction—Sale of Marijuana.

A district court has no authority to enter a nolle prosequi to dismiss a charge of sale of marijuana because the circuit court has exclusive jurisdiction to try all felonies.

4. Courts—Superintending Control—Prosecuting Attorneys.

A circuit judge has no authority to issue an order of superintending control to a prosecuting attorney and his assistants since the circuit court has superintending control only over inferior courts and tribunals (MCLA 600.615).

References for Points in Headnotes
[1] 21 Am Jur 2d, Criminal Law § 514.
[2, 6] 63 Am Jur 2d, Prosecuting Attorneys § 26.
[3] 21 Am Jur 2d, Criminal Law § 517.
[4] 20 Am Jur 2d, Courts §§ 114, 115.
    63 Am Jur 2d, Prosecuting Attorneys §§ 3, 22.
[5] 21 Am Jur 2d, Criminal Law §§ 485–494.
    Enforceability of plea agreement, or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for other crimes, 43 ALR3d 281.

DISSENT BY T. M. BURNS, J.

5. CRIMINAL LAW—PLEA BARGAINING—ENFORCEABILITY.

A defendant who has entered into a plea-bargaining agreement
with the prosecutor is entitled to have the agreement honored.

6. CRIMINAL LAW—INDICTMENT AND INFORMATION—PLEA BARGAINING
—MISTAKE OF FACT—MARIJUANA.

The circuit court erred in ordering a district court to arraign a
defendant on a charge of sale of marijuana where the defense
and prosecution had agreed that an information would be filed
charging possession of marijuana but the information filed
charged sale of marijuana by mistake, because it is fundamental that we do not hold people to their mistakes.

Appeal from Eaton, Willard L. Mikesell, J. Submitted Division 3 June 21, 1972, at Lansing. (Docket No. 13524.) Decided September 13, 1972. Leave to appeal granted and proceedings stayed, 388 Mich 784.

Complaint by the people of the State of Michigan against Jerry Curtis for sale of marijuana. From a circuit court of superintending control which declared a district court order of nolle prosequi as to the charge of sale of marijuana void, defendant appeals. Affirmed in part, reversed in part, and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald F. Zimmer,* Prosecuting Attorney, for the people.

*Woodrow A. Deppa,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and T. M. BURNS, JJ.

R. B. BURNS, J. Defendant was arrested on a complaint and warrant charging sale of marijuana, contrary to MCLA 335.152; MSA 18.1122. He was arraigned in district court and the case was adjourned for a preliminary examination.

Between the time of the arraignment and the date set for the preliminary examination an agreement was reached between the prosecutor and the defense attorney. It was agreed that a second count, charging possession of marijuana, would be added to the charge, and the defendant would be allowed to plead guilty to the second count. Count I was to be nol-prossed.

Defendant was rearraigned in district court. The prosecutor moved to amend the complaint and warrant and to add Count II. The motion was granted and the defendant waived examination. A motion was filed in district court to enter a nolle prosequi as to Count I. The motion was granted and the order entered.

An information charging *sale* was filed in circuit court. At the circuit court arraignment it was discovered that the wrong information had been filed. At that time the circuit judge expressed doubt that a district court had the authority to nol-pros a felony charge. He told the parties to straighten out the matter by afternoon.

That afternoon the prosecutor filed an information charging *possession.* The circuit judge refused to arraign the defendant because the district judge had signed the return binding the defendant over to circuit court prior to the entry of the order of nolle prosequi and, therefore, the circuit court had jurisdiction of the cause prior to the district judge signing the order of nolle prosequi.

The circuit judge entered an order of superintending control which (1) declared the order of nolle prosequi to be null and void, (2) remanded the case to the district court for arraignment on a charge of sale, and (3) ordered the prosecuting attorney, his assistants, and the district court and its judges to abide by the order of superintending

control in all other criminal cases in the county
then pending and which might be processed in the
future.

Pursuant to this order the defendant was rear-
raigned in district court on the charge of sale. He
demanded an examination and a date was set for
the examination.

Prior to the examination defendant filed in this
Court an application for leave to appeal the circuit
court's order of superintending control. Leave was
granted.

While the defendant has alleged several errors
only two require discussion.

A prosecutor has no right to nol-pros a case
without leave of court. *People v Ciatti,* 17 Mich
App 4 (1969).

The applicable statute, MCLA 767.29; MSA
28.969 states:

"It shall not hereafter be lawful for any prosecuting
attorney to enter a *nolle prosequi* upon any indictment,
or in any other way to discontinue or abandon the
same, without stating on the record the reasons there-
for and *without the leave of the court having jurisdic-
tion to try the offense charged, entered in its minutes."*
(Emphasis supplied.)

Since sale and possession of marijuana are felo-
nies, the circuit court has exclusive jurisdiction to
try both and the district court did not have au-
thority to enter the nolle prosequi.

The statute in no way interferes with the discre-
tion of the prosecutor. He is chief law enforcement
officer of the county and has the right to exercise
broad discretion to determine under which statute
a prosecution will be instituted. *Genesee Prosecu-
tor v Genesee Circuit Judge,* 386 Mich 672 (1972).
However, once he has exercised his discretion he

cannot nol-pros or dismiss the case without leave of that court which has jurisdiction to try the offense charged.

MCLA 600.615; MSA 27A.615 states:

"The circuit courts have a general superintending control over all inferior courts and tribunals, subject to the rules of the supreme court."

The circuit court had the power to issue an order of superintending control to the district court and did not exceed its authority in declaring null and void the district court's nolle prosequi.

However, the circuit judge had no authority to issue an order of superintending control to the prosecutor and his assistants. The circuit court has superintending control only over inferior courts and tribunals, not prosecuting attorneys. Such control over prosecuting attorneys by courts would violate the constitutional separation of the powers of the judicial and executive branches of government. *Genesee Prosecutor v Genesee Circuit Judge, supra.*

The case is affirmed in part, reversed in part, and remanded to the circuit court for proceedings in conformity with this opinion.

HOLBROOK, P. J., concurred.

T. M. BURNS, J. *(dissenting).* Although the majority appears to have cited the correct law to support their position, they have failed to come to grips with the basic issue of the case, namely, whether or not a plea bargain is a valid, enforceable bargain. Therefore, in view of *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), I am compelled to dissent.

My reading of *Santobello* leads me to the conclu-

sion that where a plea bargain is entered into by the prosecutor and the defendant, the defendant is entitled to the fruits of the bargain. Moreover Chief Justice Burger, speaking for the Court in *Santobello,* held that a defendant is entitled to "specific performance" of the agreement he enters into with the prosecutor.

Even though no plea was entered in the instant case, it was definitely a plea bargain situation. Before defendant's preliminary examination, an agreement was reached between the prosecution and the defendant whereby the defendant would be allowed to plead guilty to possession of marijuana and Count I, charging sale of marijuana, would be nol-prossed.

Under the rationale of *Santobello,* the defendant is entitled to have his agreement with the prosecutor honored. Neither the trial judge nor the prosecution can frustrate this right.

Over and above the foregoing, it should be kept in mind that the prosecuting attorney has wide discretion on what charge a defendant will face. The majority opinion clearly indicates that the defendant was bound over on the sale count by mistake. The circuit court would not even have had jurisdiction over the case had it not been for the mistyping of the information. It is fundamental that we do not hold people to their mistakes. The trial judge should not seize upon an information filed by mistake.

Although it is a civil case, the Michigan Supreme Court appears to speak clearly on the issue of mistake in the case of *Gordon v City of Warren Planning & Urban Renewal Commission,* 388 Mich 82 (1972).

The facts in *Gordon* may be briefly summarized as follows:

Plaintiffs wanted to build a low-rise apartment complex in the City of Warren. They submitted their plan to the Warren Planning Commission. The planning commission failed to act. Therefore, the plaintiffs commenced an action for a writ of superintending control in the nature of a mandamus. In an attempt to settle the matter, the plaintiffs and the city entered into an agreement relative to the location of four of the apartment buildings. This agreement was based upon a site plan which had been prepared in good faith by a consultant employed by the plaintiffs. The agreement was embodied in a judgment which incorporated the site plan by reference. Construction was then begun on the four buildings. Subsequently, it developed that the site plan relied upon by the parties was erroneous. Thereupon, the city sought injunctive relief and an order to show cause why all four buildings should not be removed because they were not being built in conjunction with the correct site plan. The circuit court ruled that in order to conform to the correct site plan, two of the buildings would have to be removed.

This Court in reversing the circuit court held that the original judgment was based upon a material mistake of fact and that the parties would not be bound by it. See 29 Mich App 309. In *Gordon, supra,* the Michigan Supreme Court in affirming the Court of Appeals stated at p 89:

"Once a determination has been made that a mutual mistake of fact occurred, a court has the power to correct that mistake by vacating the judgment."

Such is the case here. The defense and the prosecution agreed that an information would be filed charging possession. Both believed such information was filed. Nevertheless, the circuit court

ordered the defendant to be arraigned upon the sale charge. The circuit court should not now by its decree attempt to bind the parties to something other than what was mutually agreed upon. Under the rationale of *Gordon, supra,* the order directing the defendant to be arraigned on the sale charge should be vacated.

In view of the foregoing, it was error for the circuit court to order the district court to arraign the defendant on the charge of sale of marijuana.