VOHS v CITY OF MADISON HEIGHTS

Docket No. 46955. Submitted June 10, 1980, at Detroit.—Decided
    September 15, 1980.

    Plaintiffs, members of the Madison Heights Police and Fire
        Departments, brought an action to compel the defendant city to
        provide a pension option as provided in the Fire and/or Police
        Department Pension and Retirement Act. Defendant moved for
        a summary judgment which motion was granted, Oakland
        Circuit Court, Gene Schnelz, J. Plaintiffs appeal, alleging that
        the trial court erred in interpreting the controlling statutes
        and in granting defendant's motion. *Held:*

        Policemen and firemen pension benefits are proper subjects
    for collective bargaining under the public employment relations
    act. The city is not required to give an optional benefit to every
    member of its retirement system which is composed of different
    collective bargaining units because it gives the benefit to the
    members of a particular collective bargaining unit.

        Affirmed.

1. MUNICIPAL CORPORATIONS — LABOR RELATIONS — RETIREMENT
        PLANS — CHARTER AMENDMENTS — STATUTES.

    The Fire and/or Police Department Pension and Retirement Act
        establishes a retirement system that may be adopted by a vote
        of the electorate approving the amendment of a city charter to
        incorporate the act (MCL 38.561; MSA 5.3375[11]).

2. MUNICIPAL CORPORATIONS — LABOR RELATIONS — RETIREMENT
        PLANS — EXTENT OF BENEFITS — STATUTES.

    Not all benefits rendered in the Fire and/or Police Department

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions §§ 51, 52.
    60 Am Jur 2d, Pensions and Retirement Funds §§ 39, 43, 44.
[2] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
    Political Subdivisions §§ 132, 133.
    60 Am Jur 2d, Pensions and Retirement Funds § 46 *et seq.*
[3] 60 Am Jur 2d, Pensions and Retirement Funds § 55.
[4] 60 Am Jur 2d, Pensions and Retirement Funds § 46 *et seq.*
[5, 6] 48A Am Jur 2d, Labor and Labor Relations §§ 1770, 1771.

Pension and Retirement Act are mandatory; some are optional, allowing discretion in the governing body to determine the extent of retirement benefits over the basic mandatory plan (MCL 38.554, 38.556[1][a]-[f], [2], 38.562; MSA 5.3375[4], 5.3375[6][1][a]-[f], [2], 5.3375[12]).

3. MUNICIPAL CORPORATIONS — LABOR RELATIONS — RETIREMENT PLANS — MILITARY SERVICE CREDIT — STATUTES.

A city has the option of giving the members of its retirement system credit for prior active military service to the United States government upon payment of a percentage of their full-time compensation (MCL 38.556[1][g]; MSA 5.3375[6][1][g]).

4. MUNICIPAL CORPORATIONS — RETIREMENT PLANS — COLLECTIVE BARGAINING — OPTIONAL BENEFITS.

A city is not required to give an optional benefit to all members of its retirement system where such benefit is given to one collective bargaining group within the system.

5. MUNICIPAL CORPORATIONS — LABOR RELATIONS — PENSION BENEFITS — COLLECTIVE BARGAINING — STATUTES.

Policemen and firemen pension benefits are proper subjects for collective bargaining under the public employment relations act (MCL 423.201 *et seq.;* MSA 17.455[1] *et seq.).*

6. MUNICIPAL CORPORATIONS — LABOR RELATIONS — RETIREMENT AND PENSION PLANS — COLLECTIVE BARGAINING STATUTE.

Optional provisions of the Fire and/or Police Department Pension and Retirement Act should be subject to collective bargaining (MCL 38.551 *et seq.;* MSA 5.3375[1] *et seq.).*

*Sommers, Schwartz, Silver & Schwartz, P.C.* (by *John H. Shepherd),* for plaintiffs.

*Harry H. Young,* City Attorney, and *Larry H. Sherman,* Assistant City Attorney, for defendant.

Before: BASHARA, P.J., and D. C. RILEY and E. A. QUINNELL,* JJ.

BASHARA, P.J. Plaintiffs, who are members of the Madison Heights Police and Fire Departments, appeal from a summary judgment denying their

* Circuit judge, sitting on the Court of Appeals by assignment.

petition to compel the city to provide them with a pension option as provided in the firemen and policemen pensions act, MCL 38.551 *et seq.;* MSA 5.3375(1) *et seq.*

At issue is interpretation of § 6(1)(g) of the act, which states, in pertinent part:

"A city, village, or municipality by a 3/5 vote of its governing body or by a majority vote of the qualified electors may provide to a member service credit for not more than 6 years active military service * * * upon payment to the retirement system of 5% of his full-time or equated full-time compensation for the fiscal year in which payment is made multiplied by the years of service that the member elects to purchase up to the maximum." MCL 38.556(1)(g); MSA 5.3375(6)(1)(g).

The City of Madison Heights has never directly voted to authorize this provision for its police and fire departments. However, in 1976, the city entered into a collective bargaining agreement with "the Department Heads and Assistants Union, Local 1917 A.F.S.C.M.E.," one of four separate bargaining units of the police and fire departments. The agreement provides:

"Employees entitled to retirement benefits under Michigan State Act 345 shall be entitled to the following options under that Act; including early retirement as provided by Council and/or Retirement Board resolution, and; in addition: (a) they may add their military time to their seniority for purposes of retirement upon payment of 5% of their current salary times the number of years so claimed to the City Treasurer."

This agreement was ratified by the City Council by a vote of five to two.

Plaintiffs are members of other bargaining units of the police and fire departments who wish to

secure the same right to "buy in" military service time toward their pensions as has been afforded the department heads pursuant to the agreement. The collective bargaining agreements of plaintiffs' unions do not contain a provision entitling its members to this benefit.

The question, raised for the first time in this Court,[1] is whether the city must make the benefit available to all members of the police and fire departments, having granted the option to the department heads via collective bargaining.

The firemen and policemen pensions act, *supra,* establishes a retirement system that may be adopted by a vote of the electorate approving the amendment of the city charter to incorporate the act. MCL 38.561; MSA 5.3375(11). The City of Madison Heights has duly adopted the act and is bound by its provisions. However, not all benefits rendered in the act are mandatory. Some provisions are optional, allowing discretion in the governing body to determine the extent of retirement benefits over the basic mandatory plan. See for example, §§ 6(e) and 6(f), compare, §§ 4, 6(1)(a)-(d), 6(2), and 12.

We agree with the trial court's ruling that § 6(1)(g) provides the city the option of giving members of the retirement system the opportunity to "buy in" military service credit toward retirement. The word "may" used in the statute indicates that discretion has been granted. *Law Dep't Employees Union v City of Flint,* 64 Mich App 359, 368; 235 NW2d 783 (1975).

---

[1] The Michigan Attorney General has opined that the city must provide the option for all members of the retirement system where it is given to some members as part of a collective bargaining agreement. OAG, 1977-1978, No. 5294, pp 409-410 (April 16, 1978). We disagree with this conclusion and are not bound thereby. *Arrowhead Development Co v Livingston County Road Comm,* 92 Mich App 31, 37; 283 NW2d 865 (1979).

Furthermore, we hold that by giving the optional benefit to one collective bargaining group, the city is not required to give the benefit to every other member of the retirement system. Policemen and firemen pension benefits are proper subjects for collective bargaining under the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq. Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 64; 214 NW2d 803 (1974). By reading PERA and the policemen and firemen pensions act together, it is clear that the Legislature intended that optional provisions of the later statute would be subject to collective bargaining. This purpose would become a nullity if we were to require all members of the retirement system to receive the same optional benefits, even though they are not members of the same collective bargaining unit.

The second issue raised by plaintiffs is rendered moot by our holding and need not be addressed.

Affirmed, no costs, a statutory interpretation and a public question being involved.