CRANFORD v WAYNE COUNTY

Docket No. 86215. Submitted October 15, 1986, at Detroit. Decided December 15, 1986.

The collective bargaining agreement between Local 1917, American Federation of State, County, and Municipal Employees, which represents the sergeants in the Wayne County Sheriff's Department, and Wayne County was revised in 1984 to permit members of Local 1917 who had previously purchased military service credit in the retirement system to use that credit for purposes of meeting minimum service requirements for retirement. Employees who were promoted after the revision and, thus, not members of Local 1917 prior to the revision would only be able to use military credits to increase pension benefits. The newly promoted employees could not use the credits toward the minimum service requirement. Jimmie Cranford, Jr., David L. Picard, James P. Chubb, Donald May, and Kenneth L. Booth (plaintiffs) were nonsupervisory police officers at the time of the revision and had purchased military service credits pursuant to the collective bargaining agreement between Wayne County and their union, Local 502, National Union of Police Officers, which represented the nonsupervisory officers. Plaintiffs were subsequently promoted to sergeant and joined Local 1917. They then filed a declaratory judgment action against Wayne County, the Wayne County Chief Executive Officer, the Wayne County Board of Commissioners and the Wayne County Employees' Retirement System Board of Trustees in Wayne Circuit Court seeking a ruling that they could continue to apply their military service credits toward the minimum service requirement for retirement. The court, Thomas Roumell, J., granted summary judgment in favor of defendants. Plaintiffs appealed.

The Court of Appeals *held:*

1. Plaintiffs' argument that they have a constitutionally vested right to utilize the military service credits to meet the

REFERENCES

Am Jur 2d, Pensions and Retirement Funds § 7.

See the annotations in the Index to Annotations under Collective Bargaining; Pension and Retirement.

minimum service requirements and that that right was violated is rejected. Plaintiffs' pension rights were not impaired or diminished in any way. By voluntarily accepting promotion, plaintiffs also voluntarily accepted a different pension plan. Any change in the application of plaintiffs' military service credits was as a result of their voluntary decisions to be promoted. No constitutional right was infringed.

2. Plaintiffs' argument that they possess individual contractual rights to military service credit which are not subject to divestiture by the collective bargaining agreement between defendants and Local 1917 may be dismissed for the same reason. Plaintiffs chose to give up the right to apply their military service credits towards the minimum service requirement in exchange for whatever benefits they felt they would derive from accepting a promotion.

Affirmed.

CIVIL SERVICE — POLICE OFFICERS — RETIREMENT SYSTEMS — MILITARY SERVICE CREDIT.

Police officers who have purchased military service credit in a retirement system pursuant to the provisions of the collective bargaining agreement between their union and their employer are not entitled to keep that credit where they voluntarily choose to accept a promotion which involves leaving their union and joining another which has a collective bargaining agreement with the employer which does not permit the purchase of military service credit toward retirement.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *George H. Kruszewski*), for plaintiffs.

*John D. O'Hair*, Corporation Counsel, and *Glen H. Downs* and *James W. Quigly*, Assistant Corporation Counsel, for Wayne County, Wayne County Chief Executive Officer, and Wayne County Board of Commissioners.

*John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for Wayne County Employees' Retirement System.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. This case arises from a 1984 revision in the collective bargaining agreement (CBA) between defendants and Local 1917, American Federation of State, County, and Municipal Employees, which represents the sergeants in the Wayne County Sheriff's Department. Under that revision, members of Local 1917 who previously purchased "military service credit" in the retirement system could use that credit for purposes of meeting minimum service requirements for retirement.

However, employees who were promoted after the revision and, thus, not members of Local 1917 prior to the revision, would only be able to use military credits to increase pension benefits. Newly promoted employees could not use the credits toward the minimum service requirement.[1] Plaintiffs in this action were nonsupervisory police officers at the time of the revision at issue. They had also purchased military service credits pursuant to the CBA between defendants and Local 502, National Union of Police Officers, which represented the nonsupervisory officers. They were sub-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] An example may help illustrate the distinction. Two sheriff's sergeants, Sgt. A and Sgt. B, each belong to Local 1917 and have purchased two years' worth of military service credit. Sgt. A belonged to the union prior to the 1984 revision; however, Sgt. B was not promoted, and, thus, did not belong to Local 1917, until after the revision. Assuming, for sake of example, both sergeants had to complete twenty-five years of service in order to retire, Sgt. A could retire after twenty-three years of actual service (twenty-three years of service plus two years of military service credit). Sgt. B, on the other hand, would have to serve a full twenty-five years, since he would not be able to use his two years of military service credit towards the twenty-five-year minimum service requirement. Sgt B would, however, receive a larger pension benefit, based on twenty-seven years of service (twenty-five years of actual service plus two years military service credit).

sequently promoted to sergeant and joined Local 1917.

Plaintiffs filed this action seeking a declaratory judgment that they could continue to apply their military service credits toward the minimum service requirement for retirement. The trial court subsequently granted summary judgment in favor of defendants.[2]

Plaintiffs first argue that they have a constitutionally vested right to utilize the military service credits to meet minimum service requirements. Const 1963, art 9, § 24 provides in pertinent part as follows:

> The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby.

Plaintiffs also allege violations of the obligations of contracts provisions of the federal and state constitutions.[3]

The fallacy of plaintiffs' constitutional arguments rests in their presumption that their pension benefit rights were in any way impaired or diminished. They were not. Plaintiffs purchased

---

[2] Sic. Since judgment was granted June 26, 1985, it presumably should have been entitled summary disposition. In any event, the trial court failed to state in its order which court rule it relied upon in rendering summary judgment. It should have so stated.

[3] US Const, art I, § 10 provides in part:

> No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . .

Const 1963, art 1, § 10 provides in part:

> No . . . law impairing the obligation of contract shall be enacted.

their military service credits while members of Local 502, not 1917. Had plaintiffs remained members of Local 502, there would have been no change in the use of their military service credits.[4]

However, plaintiffs chose to seek and accept promotions to sergeant. A condition of those promotions was that plaintiffs withdraw from Local 502 and become members of Local 1917 instead. There is no allegation that plaintiffs were required to accept promotion. By voluntarily accepting promotion, plaintiffs also voluntarily accepted a different pension plan. Their rights under their pension plan as members of Local 502 were not diminished or impaired as they could have remained members of Local 502 with its pension requirements. Nor did the 1984 revision to Local 1917's CBA affect plaintiffs' rights to a pension as plaintiffs were not Local 1917 members at the time of the revision. Accordingly, any change in the application of plaintiffs' military service credits was as a result of their voluntary decisions to be promoted. No constitutional right was infringed.

Plaintiffs' second argument, that they possess individual contractual rights to military service credit which are not subject to divestiture by the CBA between defendants and Local 1917, may be dismissed for the same reason. Plaintiffs chose to leave one position as Local 502 members and accept a new position as Local 1917 members. That decision implies that plaintiffs chose to abandon their rights as local 502 members and accept whatever rights they might have as Local 1917 members. In effect, they chose to give up the right to apply their military service credits towards the minimum service requirement in exchange for whatever benefits they felt they would derive from accepting a promotion.

---

[4] Or, at least, no such issue is before us.

The fact that plaintiffs were promoted and remained employed in the same department is of no moment to this case. We do not believe that defendants should be required to provide the same pension benefits to all employees. See *Vohs v Madison Heights,* 100 Mich App 163; 299 NW2d 41 (1980).

Affirmed. No costs, a public question.